JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0221 AG (JCGx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | VANESSA RUIZ v. BMW OF NORTH AMERICA, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Ivette Gomez | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:   [IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

This is a case about a car—specifically, a 2014 BMW 650i. Plaintiff Vanessa Ruiz leased this car in August 2014. But Ruiz doesn't think she got The Ultimate Driving Machine. Instead, she says her car had "serious defects and nonconformities." Ruiz sued BMW of North America, LLC ("BMW") in state court under California's lemon law, the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and the federal lemon law, the Magnuson-Moss Warranty Act ("Mag-Moss Act"). BMW removed the case to federal court.

Now, Ruiz has filed a motion asking the Court to remand this case back to state court ("Motion to Remand"). The Court GRANTS the Motion to Remand.

**1. LOCAL RULE 7-3**

There's an important threshold issue: Local Rule 7-3. The Central District of California's Local Rule 7-3 requires that parties meet and confer before a party files a motion, with a few exceptions inapplicable here. BMW says that Ruiz never attempted to meet and confer before filing the Motion to Remand.

Ruiz admits as much, but spends a third of her reply brief arguing that her failure to follow

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0221 AG (JCGx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | VANESSA RUIZ v. BMW OF NORTH AMERICA, LLC ET AL. | | |

Rule 7-3 is okay. Among other things, Ruiz argues that

> Defendant has not even attempted to establish prejudice in its Opposition. Based on this alone, Defendant's request should be denied. Further, there is no prejudice to Defendant present here. This is a motion to remand for, amongst other things, Defendant's failure to properly notice removal (i.e., failure to establish jurisdiction). A plaintiff only has 30 days to file such a motion. (28 U.S.C. § 1447(c)). As such, Defendant cannot claim surprise when, within 30 days of its notice of removal it receives a motion for remand. Furthermore, meeting and conferring regarding this issue would ultimately have proven futile. Defendant has already made its position clear in noticing removal. It is highly unlikely that 20-25 days after noticing removal the Defendant would change its position, even with prompting from Plaintiff. This is confirmed by its vigorous opposition to Plaintiff's Motion. Moreover, the fact that Defendant filed a timely Opposition shows that it has not been prejudiced. Defendant has failed to establish that outright denial of this Motion for violation of L.R. 3-7 [sic] is warranted.

(Reply, Dkt. No. 16 at 7:1–12.)

Ruiz's response is unacceptable. Compliance with Rule 7-3 is important. The thorough discussion required by Rule 7-3 can focus and clarify issues, even if the dispute can't be completely resolved short of filing the motion. By providing a forum to test the substance of a contemplated motion, the process helps everyone: the party bringing the motion, the party who will need to respond to the motion, and, ultimately, the Court.

The Court will not deny the Motion for Remand on Rule 7-3 grounds. But the Court's consideration of the Motion for Remand reflects the importance of determining whether the Court has jurisdiction, and not the Court's acceptance of Ruiz's conduct or arguments.

## 2. EVIDENTIARY OBJECTIONS

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0221 AG (JCGx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | VANESSA RUIZ v. BMW OF NORTH AMERICA, LLC ET AL. | | |

BMW makes a handful of objections to a declaration Ruiz submitted with her Motion to Remand. The Court doesn't need to resolve these objections because it hasn't relied on any of the objected-to evidence.

### 3. LEGAL STANDARD

It's helpful to understand the burden BMW bears. The Constitution and Congress confine federal courts' jurisdiction to certain subject matters. *See* U.S. Const. art. III, § 2. Courts themselves police their exercise of power. They take this sacred duty seriously and guard their limited jurisdiction jealously. *Ghazaryan v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014). This jealousy gets expressed in a lot of ways.

First, federal courts start off assuming that cases are outside of their power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts require parties arguing for jurisdiction to establish otherwise. *Id.*

Second, federal courts demand jurisdiction be shown at the courthouse doors. Courts require parties arguing for jurisdiction to address jurisdiction as soon as they get to federal court, in their complaints or notices of removal. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1446(a).

Third, federal courts raise jurisdiction when they think it's a question, regardless of whether the parties do. *See* Fed. R. Civ. P. 12(h)(3). Courts require parties arguing for jurisdiction to demonstrate its existence at any point it becomes a question.

Fourth, federal courts are particularly skeptical of cases removed from state court.

> In cases brought in the federal court it must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify dismissal. A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0221 AG (JCGx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | VANESSA RUIZ v. BMW OF NORTH AMERICA, LLC ET AL. | | |

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoation marks, alterations, and omissions omitted) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *See id.* Courts "strictly construe the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt" about jurisdiction. *Id.*

**4. ANALYSIS**

Against that legal backdrop, BMW says this Court has subject matter jurisdiction over this case for two reasons: (1) the Mag-Moss Act claim creates a federal question and (2) there is diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a)(1).

Ruiz argues that the Court should remand for a laundry list of reasons. This list includes abstention, comity, concurrent jurisdiction, the citizenship of BMW's California dealerships, and the language of the underlying contract. Ruiz seems to confuse concepts like choice of law provisions and personal jurisdiction with subject matter jurisdiction. Similarly, she seems to suggest that the existence of concurrent jurisdiction itself supports remand. Ruiz's arguments are largely unpersuasive.

Indeed, it's something Ruiz doesn't argue that is determinative here: the amount in controversy. *Diversity jurisdiction* has an amount in controversy requirement. Federal courts can rule in diversity cases between citizens of different states where the matter in controversy exceeds $75,000. *See* U.S. Const. art. III, § 2 cl. 1; 28 U.S.C. § 1331(a). Here, there is an amount in controversy requirement for *federal question jurisdiction* too. The Mag-Moss Act says consumers with claims under the Act "may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States." 15 U.S.C. § 2310(d)(1). But the amount in controversy—computed using all of the claims in lawsuit—must be at least $50,000, exclusive of interest and costs. *See id.* § 2310(d)(3)(B).

BMW notes that Ruiz isn't disputing that either applicable amount-in-controversy requirement has been satisfied. But that's not particularly surprising or meaningful. There's

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0221 AG (JCGx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | VANESSA RUIZ v. BMW OF NORTH AMERICA, LLC ET AL. | | |

an intriguing aspect to amounts-in-controversy in removed cases. Cases are routinely removed to federal court based on diversity jurisdiction. And plaintiffs routinely challenge these removals. But these challenges often focus only on the citizenship of the parties. Plaintiffs, perhaps worried about limiting their eventual recovery, won't disagree with defendants' assertions about the amount in controversy. Maybe that's what's going on here. But the Court still has its own duty to make sure the jurisdictional requirements have been satisfied.

In any case, BMW hasn't met its burden to show the amount in controversy is at least the $50,000 required for federal jurisdiction in Mag-Moss cases, and thus, hasn't met its burden to show that the Court has subject matter jurisdiction under either asserted ground. The only concrete number BMW appears to provide for an amount in controversy is the value of the car question: $87,237.64. It's not clear why this is an appropriate measure of the amount in controversy, especially given that this is a case about a car lease, not purchase. And BMW doesn't provide anything else other than speculative, general arguments about the amount in controversy. That distinguishes this case from the one case BMW cites supporting its argument that the amount in controversy has been satisfied. *See Brady v. Mercedes Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002).

## 5. FEES

Ruiz asks the Court to order BMW to pay her removal-related attorney fees. Such an award is inappropriate here.

## 6. DISPOSITION

The Court GRANTS the Motion to Remand.

Initials of Preparer    ig for lmb

CIVIL MINUTES - GENERAL
Page 5 of 5